AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

UNITED STATES OF AMERICA )
v. )
) Case No. 5:19-MJ-855(TWD)
)
KENNETH HOUCK )
)
)
Defendant )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of December 11, 2018 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Martin Baranski, Special Agent FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: Dec. 19, 2019

_____
Judge's signature

City and State: Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

I, Martin Baranski, being duly sworn, depose and state:

**<u>INTRODUCTION</u>**

1. I am a Special Agent employed by the United States Department of Justice, Federal Bureau of Investigation ("FBI"). As an FBI Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, including offenses related to the sexual exploitation of minors in violation of Title 18, United States Code, Sections 2252 and 2252A. I have been a Special Agent with the FBI since October 2018. I am currently assigned to the FBI's Albany Division. I have received training in the area of child sexual exploitation and have had the opportunity to observe and review examples of child pornography in all forms of media, including computer media.

2. This affidavit is made in support of an application for a criminal complaint charging Kenneth Houck with knowingly possessing child pornography that has been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18 United States Code, Section 2252A(a)(5)(B).

3. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers and FBI personnel, and on my experience and training as a Special Agent of the FBI. As this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Houck possessed child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

1

**APPLICABLE LAW**

4. Title 18, United States Code, Section 2252A(a)(5)(B), provides:

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . [shall be guilty of a criminal offense].

**FACTUAL BACKGROUND**

5. On February 23, 2012, Kenneth Houck pled guilty in the United States District Court for the District of Delaware to one count of transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1), and he was sentenced to an 87-month term of imprisonment.

6. Houck was released to a Residential Reentry Center ("RRC") in August 2017, but he was sent back to prison after violating RRC rules. In July 2018, Houck was released from prison again, and jurisdiction over Houck's supervised release was transferred to the Northern District of New York on October 1, 2018. Houck was homeless upon his release from prison, so the Court ordered him to reside in an RRC facility for three months. Houck was released from the RRC on November 30, 2018, and he moved to a residence in Syracuse, New York.

7. Houck's standard conditions of supervised release permit a probation officer to visit him at home or elsewhere and permit confiscation of any contraband observed in plain view of the probation officer. The special conditions of supervised release prohibit Houck from owning or operating in his home or any other location, including any place of employment, a personal computer or any electronic devices with internet access.

8. On December 11, 2018, Probation Officer Timothy Nolan, accompanied by a colleague, visited Houck's residence at Circle of Hope Residential Care, 2500 South Salina Street, Syracuse, New York, to conduct an inspection in order to determine Houck's adherence to the standard and special conditions of his supervised release. Another resident told the Probation Officers that Houck was upstairs in his bedroom. The Probation Officers approached the bedroom and knocked several times, but nobody answered. Believing that Houck was nevertheless in the room, they opened the door to check on him. Houck was not in the room, but a black cellular telephone was plainly visible on a night stand next to the bed.

9. After exiting the room, Probation Officer Nolan called Houck by cellular telephone, and Houck advised that he would be home soon. Upon Houck's arrival, he led the Probation Officers into his room, and Houck quickly moved to the night stand and appeared to put something in a pocket of his coat, which Houck then put on the bed. Probation Officer Nolan asked what was in the coat, and Houck denied that anything was in the coat. Houck eventually picked up the coat, and the same black cellular telephone the Probation Officers had seen previously on the night stand was on the bed underneath where the coat had been. Houck denied having any other internet capable devices, but Probation Officer Nolan questioned him about this, in part because he noticed multiple charging devices in the room. Houck eventually admitted that he possessed a laptop computer as well, which Houck retrieved from a bin underneath his bed. After additional questioning, Houck admitted that he had been watching pornography on the devices—the laptop and the cellular telephone.

10. Officer Nolan confiscated the laptop and the cellular telephone as contraband, as Houck's possession of them was a violation of his special conditions of supervised release. The phone seized from Houck (hereinafter, the "Samsung phone") was a Samsung Galaxy J3 Emerge phone with the following identifiers: SM J327P; and IMSI: 310120233777159. The laptop seized from

Houck (hereinafter, the "Sony laptop") was a white Sony Vaio Model PCG-3E2L laptop with the following identifiers: Service Tag: C1033Q0V; FCC ID: 2DS-BRCM1026; and IC: 9324A-BRCM1026.

11. On December 21, 2018, United States Magistrate Judge David E. Peebles signed a search warrant authorizing law enforcement to search the Samsung phone and the Sony laptop for fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 2252A. Thereafter, a search of the hard drive of the Sony laptop revealed approximately 107 images of child pornography and approximately 10 videos depicting child pornography. The images and videos of child pornography depict minors engaged in sexual activity or exhibiting their genitals in a lewd and lascivious manner. Thee such images are described below, and the remainder are available for review by the Court upon request:

   a. An image of a prepubescent Asian female who appears to be under 8 years old, wearing a pink sheer dress and kneeling in front of a white adult male and gripping the adult male's erect penis;

   b. An image of a prepubescent Asian female who appears to be under 12 years old, wearing a pink t-shirt and performing oral sex on a fully nude white adult male; and

   c. An image of a prepubescent Asian female who appears to be under 12 years old, wearing a pink t-shirt and fully nude from the waist down, sitting in front of an adult while male who is holding the female's head and who stands in front of her with an erect penis.

12. Many of the other images of child pornography on the hard drive of the Sony laptop depict young Asian boys engaged in sexual activity or exhibiting their genitals in a lewd and lascivious manner, and an examination of the Sony laptop's hard drive revealed the following search terms under the Windows profile "Erik":

   a. Naked Asian boys;
   b. Asian naked boys;
   c. Gay Asian boys naked;
   d. Naked Asian boys cumming;

4

  e. Gay boys cumming teen son; and

  f. Gay Asian boys

13. An examination of the Sony laptop's hard drive also revealed the following identifiers being used (under the Windows profile "Erik") on the device:

  a. kevinhogan9089@gmail.com;

  b. donjuan6856833@gmail.com;

  c. Aznlvr (www.GigaTribe.com);

  d. aznlustr@yahoo.com;

  e. AznLustr (www.Adam4Adam.com);

  f. AznLustr (www.cam4.com);

  g. donjuan315;

  h. DonJuan3153;

  i. 4yung1s315;

  j. boilovrb;

  k. erik; and

  l. Erik

14. On information and belief, the Sony laptop was not manufactured in the state of New York.

15. An incident report obtained from the RRC documented that on December 29, 2017, staff at the RRC learned that Houck had an active profile on a dating site called "Adam 4 Adam," and that Houck was active on the site. With the help of the RRC's Information Technology department, Houck's profile was found under an alias, "Kevin Hogan." The profile picture on the dating site, under the "Kevin Hogan" alias was a recent photo of Houck wearing his work shirt.

16. On September 9, 2019, an administrative subpoena was served upon Gigatribe via electronic communication for information on Gigatribe account "AznLvr" (an account which is identified in ¶ 13(c) above).

17. I have learned from training and experience and from open source research that Gigatribe is a peer-to-peer file-sharing network which allows a user to create "groups" in which the user can

share a folder with specific groups and/or users (who can then access the electronic files in the shared folder).

18. Pursuant to the administrative subpoena, Gigatribe provided the following information for the "AznLvr" account:

- Account Created:        12/5/2017
- Registration IP Address: 71.255.38.56
- E-mail Address:         kevinhogan9089@gmail.com
- Account Status:         Active

19. As indicated above, the "kevinhogan9089@gmail.com" email address was an identifier found on the Sony laptop.

20. Gigatribe also provided a list of groups, as well as related group users, and IP connection logs. The group users under profile AznLvr included: "boyballs," "lovelyboys1," "youngboylust13," "i-love-young-boy," and "boyslover1744," among others. In addition to the registration IP address, Gigatribe provided information that the "AznLvr" account connected to the site from the following IP addresses on the following dates (in addition to the date of registration noted above): 108.114.43.94 on December 4, 2018; and 71.255.41.128 on December 9, 2017.

21. On September 17, 2019, an administrative subpoena was served on Verizon via electronic communication for information on IP address 71.255.41.128 on December 9, 2017; and for IP address 71.255.38.56 on December 5, 2017. Verizon's return indicated that LAZ Parking, LLC, located on 231 Harrison Street, Syracuse, NY 13202, was the subscriber for those IP addresses on those dates.[1]

---

[1] On September 17, 2019, an administrative subpoena was served on Sprint Corporation via electronic communication for information on IP address 108.114.43.94 used on December 4, 2018. Sprint Corporation returned a negative result since the date requested was outside the 90-day retention period. MB

22. The RRC director confirmed that Houck was employed by LAZ Parking from approximately September 8, 2017, to approximately December 27, 2017. Human Resources at LAZ Parking confirmed that Houck was hired on September 7, 2017 and terminated on January 10, 2018. Furthermore, I have learned that Houck worked shifts at LAZ Parking from 3:30pm to 8:30pm on December 5, 2017; and from 11:00am to 11:30pm on December 9, 2017. The dates and times of these shifts are consistent with the dates, times, and location the Gigatribe "AznLvr" account was accessed.

**CONCLUSION**

23. Based on the foregoing information, there is probable cause to conclude that on or about December 11, 2018, Kenneth Houck knowingly possessed child pornography in the Northern District of New York that had been transported using any means of interstate and foreign commerce and in and affecting such commerce, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Martin Baranski
Special Agent
Federal Bureau of Investigation

Sworn to me,
This 19th day of December, 2019.

Hon. Thérèse Wiley Dancks
United States Magistrate Judge